FILED

SEP 18 2008

Clerk, U.S. District Court
By: _____
— Deputy Clerk

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS**

DANTE LANDRY,                    *
Plaintiff,

                                 *

          VS.                    *     Case No. 08-3244-SAC

                                 *

ILS Service,
Defendant.                       *

**MEMORANDUM OF LAW**

**NATURE OF THE CASE**

**COMES NOW, DANTE LANDRY,** respectfully file to this Honorable Court

**Pro-Se,** "Memorandum of Law," motion and state the following in support

of Plaintiff's Landry civil rights complaint filed with the court.

On June 19, 2007, plaintiff Landry received a written "Agreement

for service" by **ILS Service Inc.,** which has been mark as "Exhibit

A." In the agreement page one, section (4), states "ILS agrees to

put forth its best effort in representing client in whatever motions,

petitions, or briefs need to be filed with the court." Section (5),

of the stated agreement for services states "**ILS** agrees to reopen

petitioner's **28 U.S.C. §2255** petition which will be filed as an

amended 2255 and request for habeas corpus, citing jurisdictional

error which requires the indictment and conviction to be dismissed,

as well as the unconstitutionality of the statutes which will be

judicially noticed in the court, and required dismissal of his indict-

ment. In using this last argument in the past, the government has

waived argument on the last 3 cases.

Section seven page 2 of the stated agreement states "Parties ac-
knowledge that this agreement will become null and void if not ex-
ecuted by client, and returned to **ILS** at Austin Center #1860, 701
Brazos, Suite 500, Austin, Texas 78701 with confirmation of the
intilal payment on or before January 29, 2008.

<u>**NEGLIGENCE AND DISTORTION OF DEFENDANT**</u>

On May 8, 2007, **ILS,** received a payment of $4,000.00 dollars, see
exhibit **B.** On August 2, 2007, ILS received another payment of $4,000.00,
and on September 10, 2007, **ILS,** received a payment of $1,020, see
exhibit **C,** and **D.**

ILS, mail plaintiff Landry a letter stating that his case has been
docketed with the United States Supreme Court, which was a total
distortion of the truth of his case, see exhibit **E.** There was no
petition filed by ILS, on behalf of plaintiff Landry, and defendant
Davis intentionally mislead plaintiff Landry to believe that their
office were in fact handling the over all legal litigation in his
case, but in all honesty, defendant business were to mislead plaintiff
Landry, and his family based upon the false claims, and information
presented to plaintiff during the course of his communication with
ILS. The evidence is clear in this civil complaint that defendant
Davis deceived plaintiff Landry, and as of today September 8, 2008,
has not complied with the terms of ILS <u>"agreement for service."</u>

-2-

On November 16, 2007, defendant Davis mailed plaintiff Landry a letter stating that plaintiff Landry should be receiving "a notification of the process of the Supreme Court petition. Yes, we have been docketed in the Supreme Court will be hearing this petition on the 20th of November but we will not hear from them until the 26th of November." Defendant's legal words of meaning is totally deceptive towards the actually interpretation and real meaning of petitioner legal assistance, see exhibit **F.,** the deceptive measure used by defendant to employ plaintiff through a false agreement for service is a direct violation of plaintiff Constitutional rights.

### CAUSE OF ACTION

On June 27, 2007, plaintiff Landry entered into an "agreement," with ILS, see State of Texas, County of Travis, established agreement, signed by Dante Landry. Based upon the agreement that has been established by ILS, Service, and plaintiff Landry, a total of nine thousand dollars has been deposited in ILS Service account, from plaintiff Landry.

### VIOLATION OF PLAINTIFF'S LANDRY
### EIGHTH AMENDMENT CLAIM

Plaintiff Landry premise his action upon the **Eighth Amendment** violation of **ILS, Service Inc.,** based upon their distortion and deceptive business transaction established within the Agreement For Serivce.

-3-

Plaintiff Landry argues before this Honorable court that defendant
Davis clearly abused the established agreement made. Defendant has
not produced no legal litigation which has been filed and argued
on behalf of plaintiff Landry, nor has defendant filed a **28 U.S.C.**
**§2255,** properly represented Landry's claim in any U.S. federal
proceedings before any judicial court. What has been made clear
to plaintiff Landry, defendant has abandon its contractual duty
and obligation established in the stated agreement filed before
the court. It is clear that defendant's action are intentionally
inflicting mental distress, due to the conduct and misinterpreta-
tion of defendant Davis failure to fulfill its obligation and duty
fulfilled within the terms of the contract, coupled with the wrong-
doer's conduct.

Any intervening facts between the negligence of defendant Davis
and the plaintiff Landry weighed and interpreted by the court to
determine the necessary proximate cause to establish liability.
The issue is whether the negligent action (or inaction) by Defendant
Daivs could have foreseeably led to plaintiff Landry civil complaint
filed with the court.

Finally, on June 19, 2007, plaintiff Landry received a "FAX" fron ILS Service Inc., stating their apologize for the mix-up, refer to exhibit G. The fax states; contract, receipt of payment, which was signed for plaintiff Landry.

## CONCLUSION

Based upon the stated facts submitted before this Honorable Court in plaintiff civil rights complaint, plaintiff Landry hereby request this court to grant a jury trial hearing before the court, which will allow plaintiff Landry to fully disclose the merits of his claim before the court, and to determine the punitive damage that are based on the public policy that defendant Davis is held liable for more money than it would take to compensate plaintiff Landry. The jury however is not given blank check to compensate plaintiff Landry rather, any judgment against the defendant must be based upon the evidence presented at trial.

Respectfully submitted.

-5-

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury as delineated in title

**28 U.S.C. §1746,** that the foregoing is true and correct to the best

of my knowledge and that a copy of this document has been provided

to the adverse parties by U.S. mail first class postage prepaid,

and deposited in this institution's legal mailbox on this:

_____16TH_____ day of ___SEPTEMBER_____ 2008.


**CLERK OFFICE OF THE U.S. DISTRICT COURT**
444 Quincy, Room 490
Topeka, Kansas 66683

**Mr. Tony Davis**
ILS Service, Inc.
Austin Center#1860
701 Brazos, Suite 500
Austin, Texas 78701



**Mr. Dante Landry#07508-046**
P.O. Box 1000
Leavenworth, Kansas 66048
United States Penitentiary


**-6-**