IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANTE LANDRY,**

        **Plaintiff,**

    **v.**                     **CASE NO. 08-3244-SAC**

**TONY DAVIS,**

        **Defendant.**

### O R D E R

This civil complaint was filed pursuant to 28 U.S.C. § 1331 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Defendant is Tony Davis, owner of a private "legal representation firm" called ILS Service with an address in Austin, Texas. Plaintiff asserts that Mr. Davis, acting in his official capacity as an employee of the United States, violated his constitutional rights under the Eighth Amendment, intentionally inflicted mental distress, and was negligent. He seeks compensatory and punitive damages in the amount of nine million dollars.

As the factual basis for his complaint, Mr. Landry alleges he executed a contract with "ILS Services" on June 27, 2007, for provision of legal services[1] including the filing of a request to reopen a motion under 28 U.S.C. § 2255, and that he paid defendant Davis over nine thousand dollars under the contract. He further alleges that defendant Davis made false statements regarding performance of the services, has not provided the services as promised, and has breached the contract.

---

[1] Plaintiff attaches to his complaint exhibits of correspondence from ILS Services, Inc., in which ILS is described as "a legal research firm that specializes in challenging the jurisdiction of the federal court system."

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed an Application to Proceed Without Prepayment of Fees.  28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  This action may not proceed until plaintiff has satisfied the filing fee by either submitting the documents required under Section 1915(a) to support his motion, or paying the full fee of $350.00[2].  He will be given time to provide the copy of his trust fund account statement or pay the filing fee.  If Mr. Landry fails to provide the documents required to support his motion, it will be denied; and if he fails to otherwise satisfy the fee requirement, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Landry seeks leave to proceed in forma pauperis, the litigation process begins with the court screening his complaint.  28 U.S.C. § 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case at any time if the court determines that . .

---

[2] Even if plaintiff's motion for leave to proceed in forma pauperis is granted, he will remain obligated to pay the full filing fee of $350.00 due herein.  The granting of his motion will entitle him to pay the fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

. the action . . . fails to state a claim on which relief may be granted." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Having screened all materials filed, the court finds the complaint is subject to being dismissed because it does not appear from the face of the complaint that this court has jurisdiction over plaintiff's claims.

**FACTS DO NOT SHOW FEDERAL QUESTION JURISDICTION**

Plaintiff cites 28 U.S.C. § 1331 as the basis for this court's jurisdiction. Section 1331 provides that federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. As a general rule, a case arises under federal law, for jurisdictional purposes, only if it is federal law that creates the cause of action. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.Cal., 463 U.S. 1, 8-10 (1983)(case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162 (1997). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Stephenson v. Wheaton Van Lines, Inc., 240 F.Supp.2d 1161, 1163 (D.Kan. 2002), *citing* Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)("Without jurisdiction [a] court cannot proceed at

3

all in any cause," and "the only function remaining to the court is that of announcing the fact and dismissing the cause.")(quotation omitted).

The allegations in the complaint do not establish that plaintiff's claims arise "under the Constitution, laws, or treaties of the United States" as required by 28 U.S.C. § 1331.  No federal statute is invoked as the basis for this cause of action. Plaintiff's mere mention of the Eighth Amendment is not enough to confer federal question jurisdiction, and his claims are not shown to hinge upon the substance of the Eight Amendment.  Plaintiff's allegations are essentially claims of breach of contract[3], fraud or misrepresentation, or even professional malpractice[4] or negligence. Such claims arise under state, rather than federal, law.  Nothing in plaintiff's allegations suggests that a substantial question of federal law is a "necessary element" of these state law claims. Franchise Tax Bd., 463 U.S. at 13.

Moreover, despite plaintiff's bald statement that defendant Davis was acting in his official capacity as an employee of the United States, his factual allegations indicate otherwise. Defendant Davis is alleged to be the owner of a private firm in Texas, and an individual who contracted with plaintiff to provide

---

[3] A duty of good faith is implied in a contract, and conduct departing from that duty is a breach of a contractual obligation. Pizza Management Inc. v. Pizza Hut, Inc., 737 F.Supp. 1154, 1167 (D.Kan. 1990), *citing* Bonanza, Inc. v. McLean, 242 Kan. 209, 222, 747 P.2d 792 (1987).

[4] Professional and legal malpractice are grounded in the tort concept of negligence or the failure of a professional to exercise the proper degree of care.  Separating a claim for malpractice into claims of negligence, breach of contract, or fraud does not change the underlying fact that the claims are based on professional negligence.  Breach of duty, negligent misrepresentation, and breach of contract have been held to merge into a malpractice claim.  Malpractice claims are based strictly on the law of the State, such as of Kansas or Texas, and do not present any federal questions.

post-conviction legal services for a fee. No facts indicate that defendant Davis was either employed by the federal government or acting as a federal official or agent[5]. Thus, federal question jurisdiction does not exist under either the theory that plaintiff's claims arose under federal law or that defendant acted under color of federal law.

**INSUFFICIENT FACTS ALLEGED FOR DIVERSITY JURISDICTION**

28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This court may exercise this "diversity jurisdiction" over state law claims of malpractice, negligence, fraud, and breach of contract under the circumstances prescribed in § 1332. However, there is a presumption against federal jurisdiction, and the party who seeks to invoke the jurisdiction of the federal courts bears the burden of establishing that such jurisdiction is proper. It follows that Mr. Landry must present facts to show diversity jurisdiction and support those facts with competent evidence.

Mr. Landry does not assert diversity jurisdiction anywhere in his complaint. Nor are there facts in the complaint showing diversity jurisdiction. The complaint shows that Mr. Landry currently resides in federal prison in Kansas, but no facts are

---

[5] A private attorney or paralegal is not an employee of the United States simply because he or she contracts to provide legal assistance to a federal inmate.

5

provided to demonstrate that he is a citizen of the State of Kansas. Normally, a person's citizenship for diversity purposes is his domicile, which involves physical presence in a state with an intent to remain indefinitely. In the case of a prisoner, courts have presumed that he or she is "a citizen of the state of which he was a citizen before his incarceration." Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006); see Singletary v. Cont'l Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir. 1993)("[Citizenship] should be the state of which [the prisoner] was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out."). Plaintiff also fails to provide facts showing that defendant Davis[6] is a citizen of a different state than Mr. Landry.

Another prerequisite for a federal district court to exert diversity jurisdiction is that the amount in controversy must exceed $75,000.00. See, 28 U.S.C. § 1332. The party asserting jurisdiction has the burden of showing that the amount in controversy exceeds the jurisdictional amount. See Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). Dismissal of a complaint based on diversity is justifiable if it "appears to a legal certainty that the claim is really less than for the jurisdictional amount." St. Paul Mercury

---

[6] A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

The facts alleged in the complaint plainly suggest that the amount in controversy in this case is much closer to nine thousand than nine million dollars[7]. Plaintiff can satisfy the amount in controversy requirement by "alleg[ing] with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, . . . [by] support[ing] the allegation." Burrell v. Burrell, 229 F.3d 1162, ** 1 (10th Cir. 2000)(unpublished)[8], *citing* St. Paul Mercury Indem. Co., 303 U.S. at 288. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir. 1973). The test to determine the sufficiency of plaintiff's allegations is based on pleading in good faith[9]. The jurisdictional

---

[7] The court points out this huge discrepancy and emphasizes to plaintiff that his statement of the amount in controversy must be made in good faith. The only way Mr. Landry could meet the jurisdictional requirement when he alleges he has paid defendant $9,000.00, is if punitive damages are included in the amount in controversy. Burrell, 229 F.3d at **2. If this action survives screening based on plaintiff's unsupported claim for millions in damages, jurisdiction may later be challenged herein by either a defendant or a judge, and the case dismissed unless plaintiff can then prove the amount in controversy exceeds $75,000. Because such damages appear unlikely from plaintiff's initial allegations of fact, the court is concerned that Mr. Landry may be wasting time attempting to proceed in federal court upon his state court claims - time that is limited by the applicable statute of limitations. Plaintiff should seek advice on how to best proceed on his state law claims from prisoner legal services or an attorney. This court cannot provide legal advice on how to proceed in state court.

[8] A copy of this unpublished opinion is attached in accord with rules of the Tenth Circuit Court of Appeals.

[9] The reference to the amount "in controversy" in § 1332 contemplates that plaintiff's assertions as to the value of the matter in issue be in good faith. If the amount becomes an issue, the trial court must make a determination of the facts. Emland Builders, Inc. v. Shea, 359 F.2d 927, 29 (10th Cir. 1966). The initial determination of the facts as they relate to good faith is made as of the time the jurisdictional allegations are made. Id. at 929. Plaintiff's allegations control if made in good faith.

7

amount can "only be in controversy if asserted by [plaintiff] in good faith, as jurisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose." Emland Builders, Inc., 359 F.2d at 929.

The court concludes that plaintiff has not alleged facts establishing that this federal court has jurisdiction over his claims. Plaintiff will be given time to file a Supplement to his Complaint setting forth facts regarding his citizenship and that of the defendant as well his good faith statement of the amount in controversy and facts supporting that amount.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to submit a certified copy of his inmate account showing all transactions in the six-month period immediately preceding the filing of this complaint or to pay the full filing fee of $350.00.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file a Supplement to Complaint with additional facts showing this court has jurisdiction over his claims.

**IT IS SO ORDERED**.

Dated this 31st day of October, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge