```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DANTE LANDRY,**

                **Plaintiff,**

      v.                    CASE NO.  08-3244-SAC

**TONY DAVIS,**

                **Defendant.**

<u>MEMORANDUM AND ORDER</u>

This civil complaint was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas.  As the factual basis for his complaint, Mr. Landry alleged as follows.  On June 27, 2007, he entered into an agreement with ILS Services, Inc. (ILS), owned by defendant Tony Davis.  Under the agreement, Mr. Landry believed defendant would prepare and file legal papers to reopen and amend his habeas petition under 28 U.S.C. § 2255, citing "jurisdictional error" and "the unconstitutionality of statutes," which would require that his federal indictment and conviction be dismissed. As of September, 2007, plaintiff had made payments to ILS totaling $9,020.00.  In November, 2007, he received a letter from ILS entitled "Confidential Client Update," which indicated to him that ILS had deceived him and had not filed a petition or pursued litigation on his behalf[1].  On September 18, 2008, plaintiff filed

---

[1] It appears from the "Update" sent to plaintiff by ILS, that instead of filing a pleading to reopen plaintiff's 2255 petition, ILS claims to have filed a petition entitled "In re Harry Miles," in October, 2007, in the United States Supreme Court asserting that "the statute commonly known as title 18, the federal criminal code, as well as 18 USC § 3231, the jurisdictional statute, were never enacted into law . . . ."  The "Update" congratulates the recipient, who is not named, and states "you are now in the Supreme Court, requesting relief from an illegal sentence."  It also states that the "lead attorney on our petition is one of the top criminal attorneys in the country."

this action in federal court claiming negligence and misrepresentation and seeking nine million dollars for alleged violation of his federal constitutional rights.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Rather than paying the fee of $350.00 for filing this federal complaint, Mr. Landry filed Motion for Leave to Proceed in forma pauperis (Doc. 3).  However, he did not provide with his motion a "certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing" of the complaint "obtained from the appropriate official of each prison at which the prisoner is or was confined," as is required by 28 U.S.C. § 1915(a)(2).  By Order entered October 31, 2008, the court gave plaintiff time to submit the requisite documentation in support of his application or pay the filing fee.  In response, plaintiff submitted a copy of his Inmate Statement which includes entries from the last day of April, 2008, through November 26, 2008.  Since § 1915(a)(2) explicitly refers to financial data for the "6-month period immediately preceding the filing" of the complaint, the court has utilized in its calculations the entries on plaintiff's account statement from April, 2008, through September, 2008, and not the entries from October or November, 2008, which are after the complaint was filed.

When an inmate is unable to pay the full filing fee at once, Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the

2

prisoner's account for the six months immediately preceding the date of the filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly balance in plaintiff's account was $1,898.20, and this is greater than the average monthly deposit to his account during this period.  Twenty percent of this average monthly balance, rounded to the lower half dollar, is $379.50.  Since the "initial partial filing fee" calculated pursuant to 28 U.S.C. § 1915 is not partial, but instead exceeds the amount of the full filing fee due; the court does not assess an initial fee.  Instead, the court denies plaintiff's Motion for Leave to Proceed in forma pauperis.  Plaintiff is responsible for the full filing fee.

**FEDERAL QUESTION JURISDICTION**

The court also concludes that plaintiff has not met his burden of establishing that this court has jurisdiction over this matter.  In his complaint, Mr. Landry asserted jurisdiction under 28 U.S.C. § 1331, which provides for jurisdiction only when a case involves a federal question.  On October 31, 2008, this court entered an Order herein, upon screening, finding the complaint does not present facts establishing federal question jurisdiction.  The court found that plaintiff's claim does not present a federal question[2] because it is for violation of legal rights created by state law, such as breach of contract or fraud.  Even though plaintiff continues to believe and re-asserts in his response that

---

[2] The court reiterates from its prior Order that plaintiff's claim does not arise "under the Constitution, laws or treaties <u>of the United States</u>" (emphasis added).  Instead, claims of breach of contract, fraud, or professional negligence arise under state law.

3

his constitutional rights have been violated and jurisdiction exists under § 1331, as a matter of law his claim is not one of federal constitutional magnitude or based on other federal law. Consequently, the court concludes from the face of plaintiff's original complaint, that this federal district court does not have subject matter jurisdiction over this matter.

**DIVERSITY JURISDICTION**

In its prior Order, the court also liberally acknowledged that plaintiff's claim might be within the court's jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. However, the court found plaintiff had not alleged sufficient facts to establish diversity jurisdiction[3], and provided him the opportunity to allege additional relevant facts. The court even informed plaintiff of facts he must allege, including the citizenship of plaintiff and defendant. In his response to the court's Order, plaintiff did not provide the necessary allegations to establish jurisdiction based on diversity of citizenship.

Even if plaintiff could now allege sufficient facts to show diversity jurisdiction, this judicial district is not the proper "venue" for his diversity complaint. The requirement of proper venue serves to protect a defendant from the inconvenience of having to defend an action in a trial court far from the defendant's residence and the place where the acts underlying the

---

[3] Plaintiff has not alleged facts establishing that he is a resident of Kansas despite being specifically directed to do so. Mr. Landry wrote in his complaint that he "resides" in Leavenworth, Kansas, where he is confined at the federal penitentiary. However, as the court explained and the form complaint indicates plaintiff's residence is the "State of residency prior to incarceration."

4

controversy occurred.  Venue in federal district court is governed by 28 U.S.C. § 1391.  Section 1391(a) pertinently provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Id.  With respect to defendant corporations, subsection (c) of § 1391 pertinently provides:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

Id.  For venue purposes, a corporation is a resident of any district in which it is incorporated, or licensed to do business, or is doing business.  First Security Bank of Utah v. Aetna Cas. & Sur. Co., 541 F.2d 869 (10th Cir. 1976).  It appears from the complaint and plaintiff's exhibits that the only defendant is an agent of a corporation formed under the laws of Texas, with its business address in Austin, Texas.  Thus, it also appears that the defendant as well as the corporation are residents of Texas, not Kansas.

Moreover, plaintiff does not allege facts in his complaint or his response to the court's prior Order, indicating that "a substantial part of the events or omissions giving rise to" his claim occurred within Kansas.  He does not allege that defendant is licensed to practice law in the State of Kansas, or that defendant

5

traveled to Kansas to solicit his business or to communicate with plaintiff. The court might reasonably assume from plaintiff's exhibits that he and defendant conducted their business by mail and fax with defendant in Texas and plaintiff in prison in Kansas. Furthermore, the court knows of no reason why this action could not have been filed in a federal district court in Texas if federal court jurisdiction exists.

A case filed in an improper venue must be dismissed or transferred to a proper district or division. 28 U.S.C. § 1406(a)("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "[T]he question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion." Ballesteros v. Ashcroft, 452 F.3d 1153, 1160 (10th Cir. 2006)(quotations and citations omitted). Because it does not appear that any federal district court has jurisdiction over plaintiff's claim, dismissal is the only appropriate option.

The court also notes the complaint is devoid of facts indicating that this court would have personal jurisdiction over either defendant Tony Davis or ILS Services, Inc.[4] In order to

---

[4] In the complaint, plaintiff listed the defendant as Tony Davis, and stated that defendant is a resident of and located in Austin, Texas, and employed as "owner" of a "legal representation firm" named "ILS Services." Plaintiff stated there was no second defendant. However, in the caption of the complaint plaintiff included "ILS Service, Inc." under defendant Davis' name, and the court notes the address provided for defendant Davis is the address of "ILS Services, Inc." The caption on plaintiff's "Memorandum of Law" is improperly different, and the only defendant listed is "ILS Service." In his pleadings, plaintiff refers to conversations with and misrepresentations by defendant Davis, but also alleges and exhibits that he entered an agreement with ILS Services Inc., in Travis County, Texas, and paid money to ILS Services. Suffice it to say that the

6

obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must demonstrate that jurisdiction is legitimate under the long-arm statute of the forum state and comports with constitutional due process.  See Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1276 (10th Cir. 2005); Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304-05 (10th Cir. 1994).  The Kansas long arm statute, K.S.A. § 60-308(b) provides in pertinent part:

> (b) Submitting to jurisdiction. (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (A) Transaction of any business within this state;
>
> (B) commission of a tortious act within this state;
>   . . . . .
>
> (E) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;
>
>   . . . . .
>
> (G) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (i) the defendant was engaged in solicitation or service activities within this state; or (ii) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use.
>   . . .

Id.  Plaintiff does not provide any facts regarding the contract

---

defendant in this case is either Mr. Davis, an individual who resides in Texas or the Texas corporation ILS Services, or both.

negotiations so as to establish that jurisdiction over defendant might be conferred by K.S.A. § 60-308(b). In order for a federal court to exercise personal jurisdiction over a nonresident defendant, the "defendant must have 'minimum contacts' with the forum State." Pro Axess, 428 F.3d at 1276; Federated Rural, 17 F.3d at 1305. A defendant's contacts are sufficient if the defendant "purposefully availed itself" of the "protection and benefits of the laws of the forum state." Id. However, the Tenth Circuit has stated, "It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." Far West Capital, Inc., 46 F.3d 1071, 1077 (10th Cir. 1995)(citing Continental American Corp. v. Camera Controls Corp., 592 F.2d 1309, 1314 (10th Cir. 1982)). Nor does an individual's contract with an out-of-state party alone automatically establish sufficient minimum contacts in the other party's home forum. Pro Axess, 428 F.3d at 1277 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)).

**CONCLUSION**

In summary, the court finds that plaintiff is not entitled to proceed herein without prepayment of the full filing fee and has not paid the filing fee. Ordinarily the court would provide plaintiff time to submit the filing fee. However, the court has also found that it does not have jurisdiction over plaintiff's claim. Once a court finds that jurisdiction is lacking, the only proper order is one dismissing the case.

While the court regrets that plaintiff has unnecessarily

spent this time in this federal court, it notified plaintiff at the outset that this court did not have federal question jurisdiction over his claim, and that his claim is essentially a state law claim.  It also notified plaintiff that he had the burden of establishing the jurisdiction of this court.  Plaintiff is again urged to seek legal assistance and pay close attention to the statute of limitations for filing a civil action in state court. Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an attorney.  Accordingly, the court expresses no opinion as to what the proper forum may be for plaintiff to pursue his state law claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for lack of federal court jurisdiction.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge